1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES ALAN BUSH,

               Plaintiff,

  vs.

OFFICER FLORES, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. C 09-01024 JF (PR)

ORDER DIRECTING
DEFENDANT TO FILE
DISPOSITIVE MOTION OR
NOTICE REGARDING SUCH
MOTION

      Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights

action pursuant to 42 U.S.C. § 1983 against Defendant Officer Flores of the San Jose

Police Department.  Plaintiff was granted leave to proceed in forma pauperis.  (Docket

No. 6.)

**DISCUSSION**

**A.**    **Standard of Review**

      A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1   claim upon which relief may be granted or seek monetary relief from a defendant who is

2   immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

3   liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

4   1988).

5          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6   elements: (1) that a right secured by the Constitution or laws of the United States was

7   violated, and (2) that the alleged violation was committed by a person acting under the

8   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9   **B.     Plaintiff's Claims**

10         Plaintiff claims that his Eighth Amendment right against cruel and unusual

11  punishment was violated when Defendant Officer Flores used excessive force on

12  December 12, 2009, during the course of Plaintiff's arrest.  (Compl. at 8.)  Plaintiff

13  alleges that Defendant Flores used his tazer on Plaintiff, causing him to fall to the ground.

14  After handcuffing him, Defendant Flores caused a bone in Plaintiff's left shoulder to

15  break by yanking Plaintiff's left arm "with more speed and force than necessary to lift

16  Plaintiff to his feet, causing a bone in Plaintiff's shoulder to snap cleanly into two

17  segments."  (Id. at 9.)  Plaintiff's alleges that just before Defendant brought him to his

18  feet, Plaintiff warned him about a prior injury to his left shoulder to which Defendant

19  responded, "'I don't give a fuck about your busted-ass shoulders!'"  (Id.)  Plaintiff claims

20  that Defendant's actions were "willful and malicious."  (Id. at 11.)  Liberally construed,

21  Plaintiff's Eighth Amendment claim is cognizable under § 1983.

22

23                              **CONCLUSION**

24         For the reasons stated above, the Court orders as follows:

25         1.     The Court notes that service of the complaint and summons has already

26  been issued by the Clerk to Defendant Officer Flores at the San Jose Police Department.

27  (See Docket No. 7.)  The Clerk shall send a copy of this order to Defendant Flores as well

28  as a copy of Plaintiff's request for production of documents (Docket No. 8) and

1   interrogatories (Docket No. 9)**.**

2       Plaintiff shall send all further discovery requests directly to Defendant or

3   Defendant's counsel.

4       2.   No later than **sixty (60) days** from the date of this order, Defendant shall

5   file a motion for summary judgment or other dispositive motion with respect to the claims

6   in the complaint found to be cognizable above, or, within such time, notify the Court that

7   Defendant is of the opinion that this case cannot be resolved by such a motion.

8           a.   If Defendant elects to file a motion to dismiss on the grounds that

9   Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

10  § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

11  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v.</u>

12  <u>Terhune</u>, 540 U.S. 810 (2003).

13          b.   Any motion for summary judgment shall be supported by adequate

14  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

15  Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted,</u>**

16  **<u>nor qualified immunity found, if material facts are in dispute.  If Defendant is of the</u>**

17  **<u>opinion that this case cannot be resolved by summary judgment, he shall so inform</u>**

18  **<u>the Court prior to the date the summary judgment motion is due.</u>**

19      3.   Plaintiff's opposition to the dispositive motion shall be filed with the Court

20  and served on Defendant no later than **thirty (30) days** from the date Defendant's motion

21  is filed.

22          a.   In the event Defendant files an unenumerated motion to dismiss

23  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

24          The Defendants have made a motion to dismiss pursuant to Rule
            12(b) of the Federal Rules of Civil Procedure, on the ground you have not
25          exhausted your administrative remedies.  The motion will, if granted, result
            in the dismissal of your case.  When a party you are suing makes a motion

26

27      [1] The following notice is adapted from the summary judgment notice to be given to pro

28  se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
    <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.     In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4.     Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

1    5.    The motion shall be deemed submitted as of the date the reply brief is due.

2    No hearing will be held on the motion unless the Court so orders at a later date.

3    6.    All communications by the Plaintiff with the Court must be served on

4    Defendant, or Defendant's counsel once counsel has been designated, by mailing a true

5    copy of the document to Defendant or Defendant's counsel.

6    7.    Discovery may be taken in accordance with the Federal Rules of Civil

7    Procedure.  No further Court order is required before the parties may conduct discovery.

8    8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

9    Court informed of any change of address and must comply with the Court's orders in a

10   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

11   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12        IT IS SO ORDERED.

13   DATED: ____7/16/09_____        _____

14                                       JEREMY FOGEL

15                                       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Directing D to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Bush01024_svc.wpd        5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES A. BUSH,

                Plaintiff,

  v.

OFFICER FLORES,

                Defendant.

—————————————————————————/

Case Number: CV09-01024 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____7/20/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Alan Bush DWF967-08086698
Santa Clara County Jail
885 N. San Pedro Avenue
San Jose, CA 95110

Dated: _____7/20/09_____

                           Richard W. Wieking, Clerk